PER CURIAM.
This appeal is by the plaintiff below from an adverse summary judgment. The action was one for damages for personal injuries received by the plaintiff, an invitee, when he suffered a fall on the premises of the defendant Foodmasters, Inc.
The defendants moved for summary judgment, in support of which they relied on the plaintiff’s answers to interrogatories, his discovery deposition, and a deposition of the defendant Arthur Bland. The plaintiff filed an affidavit in opposition to the motion. The facts disclosed included the following. The plaintiff was employed by a produce company. On the day in question his duty was to deliver 20 one hundred *23 pound sacks of potatoes to the restaurant premises of the defendant Foodmasters, Inc. The delivery was made through a rear door. It was necessary to carry the potatoes across a floor area and deposit them on a bench or rack. Plaintiff was familiar with the premises, having made such deliveries before. On this occasion, when the plaintiff arrived at 7:30 A.M. to make delivery, the only person present was the defendant Bland, an employee. Bland was cleaning the floor with soap and water, working at a part of the room away from the area and the rack to be used by the plaintiff. Plaintiff states that before making delivery he requested and obtained permission from Bland, for the purpose of making sure he would not be interfering with what Bland was doing and so Bland would know that he was going to use that part of the premises necessary to make the deliveries. In a statement given shortly after the injury Bland confirmed the giving •of permission, but in his deposition he denied that plaintiff had requested and received his permission.
In the plaintiff’s deposition and affidavit it was stated in several places that he was not paying attention to the condition of the floor and it was stated that he was late and in a hurry. However, his deposition and affidavit also disclosed that when he took the first twelve sacks of potatoes into the premises and deposited them on the rack, as he bent over to place the sacks on the rack he was able to see the floor and saw no water there; that when the twelfth sack was deposited he noticed that. Bland in cleaning the floor had reached a point some ten or twelve feet from the rack; that before delivering the thirteenth sack of potatoes plaintiff spent some time on the truck rearranging the remaining produce; that as he brought the thirteenth sack into the premises he paid no attention to the floor, and could not see it because of the position •of the sack in his arms; that in approaching the rack he encountered the slippery substance and fell backward; that after falling he observed soapy water on the floor, in an amount he said could not have been overlooked if it had been there-earlier.
The defendants objected to the plaintiff’s affidavit, claiming it was in conflict with his deposition. The court madp no express ruling thereon. . On examining the documents we see no contradiction. What was said in the affidavit was not inconsistent with the contents of the deposition, but rather was in explanation.and-amplification of certain statements in the latter.
In granting summary judgment for the defendants the trial judge was of the view that the evidence submitted on the motion showed the plaintiff was guilty of contributory negligence or assumption of risk as a matter of law, and stated “And I think he in delivering it, saw that the floor was wet and he proceeded on it. So I am going to grant the motion.”
We are unable to agree with the learned trial judge that the record furnished a basis for that conclusion. There was no evidence that the floor was wet before the thirteenth sack was brought in. On the contrary, there was evidence that it was not wet up to that time, and there was evidence it was wet with soapy water when the last or thirteenth sack was brought in. It would be reasonable to infer that the water spread or was spread to that area in the time between the twelfth and thirteenth trip.
The fact that the plaintiff stated that when he came in with the. thirteenth sack he paid no attention to the floor should not be a basis for concluding he was guilty of contributory negligence or of assumption of risk as a matter of law. This is so because if the floor were dry up to that time, as he stated he had observed it, he had no reason to expect it to be wet when he brought in the thirteenth sack and it could be inferred he was not in a position to see the floor while walking toward the rack holding the 100 pound sack in front of him in his arms. Unless it were established in the evidence that the soapy water was on the floor prior to the time plaintiff brought *24 m the thirteenth sack, and that he knew it was there, the theory of assumption of risk would not be applicable. On the facts disclosed and justifiable inferences to be drawn therefrom, we hold the question of negligence and contributory negligence were triable issues, which could not properly be concluded on summary judgment.
The judgment is reversed and the cause remanded for further proceedings.